## Craddock *vs* Hundley.

ERROR TO THE JEFFERSON CIRCUIT.

*Covenant. Averment. Demurrer.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

ON the 17th of June, 1835, *Pascal D. Craddock* acknowledged in writing, that he had on that day received from *Thomas Hundley* five thousand dollars, "to lay out in negroes for him"—and in June, 1836, *Hundley* sued *Craddock* in an action of covenant, averring that he had "failed and refused to lay out said money in negroes," and had converted it to his own use, and refused to restore it.

*Craddock* demurred and pleaded performance; but the Court overruled his demurrer, and verdict and judgment were rendered against him for $4,439 22 cents.

A reversal of the judgment is urged in this Court on three grounds: 1st, that the declaration is insufficient—2d, that there is a bad breach, and therefore the general verdict is not maintainable—and 3d, that the jury had no right to find more than nominal damages.

But no one of these objections is, in our opinion, sustainable.

1. We have no doubt that the writing sued on, imports a covenant to lay out the $5,000 in negroes for *Hundley*. And, though the declaration may lack technical precision, it is substantially good, and assigns a sufficient breach of the undertaking to purchase negroes. And consequently, even if there be any other and insufficient breach, the general demurrer ought to have been overruled.

2. But there is, in effect, only one breach. The allegation, as to the refusal to refund the money, should be understood, not as a distinct breach of the covenant, but only as a collateral and subsidiary averment, to show a substantial cause of action for more than nominal damages still existing, without any waiver, express or im-

Vol. II.          15

*Sidenotes:*

COVENANT.

*Case* 49.

*October* 21.

A writing acknowledging the receipt of $5,000 "to lay out in negroes for him." Covenantee imports a covenant to lay out the $5,000 in negroes for covenantor.

A general demurrer to a declaration should be overruled, tho' there may be insufficient breach.

CRADDOCK
*vs*
HUNDLEY.

Covenant ac-
knowledging the
receipt of $5,000
"to lay out in
negroes for plain-
tiff." Averment
for breach that
defendant had
failed to lay out
the $5,000 in
negroes, or re-
store it to plain-
tiff, verdict for
$5,000 (less by a
small part laid
out or restored)
verdict sustain-
ed, the damages
not appearing to
be greater than
the breach as-
signed wouldjus-
tify.

plied, and to show, also, the measure of the damages sought, and to be assessed.

3. The legal criterion of assessment on the breach, as charged and established, may, perhaps, be somewhat questionable. Had *Craddock* restored the $5,000, *Hundley* might not have been entitled to more than nominal damages; for there was no proof that any actual loss resulted to him from the non-investment of the fund in slaves; and, in such a case, it would indeed be difficult, if not impossible, to show the extent of the damage which in fact accrued.

But had *Craddock* prudently invested the deposit in slaves, as he agreed to do, the property in the slaves so purchased would have been thereby vested in his constituent, *Hundley*, who, in an action of *detinue* or *trover*, would have been entitled to recover them or their value, which, in the absence of any other proof, must be presumed to have been at least equal to $5,000, which had been paid for them. Then it does seem to us, that as the damage resulting to *Hundley* from *Craddock's* breach of covenant to "lay out" the $5,000 in slaves for him, must be considered to have been equal to the value of the slaves, had they been properly purchased, he had a legal right to recover for that breach, in this action, $5,000 at least, excepting only so far as any portion of that sum had been properly applied or refunded; and this, as we presume, was the only object of the supplementary averment that the whole deposit had been converted by *Craddock* to his own use without any restitution.

It appears that a small portion of the *$5,000* had been refunded, and therefore the verdict was for only the residue of that amount, with interest thereon, for a period certainly not longer than that for which interest was justly chargeable.

We are, therefore, of the opinion that, though there was no covenant to restore, in any event, the money deposited, and therefore, an action of *assumpsit* or a bill in chancery could alone have been maintained, for the restitution of that deposit *eo nomine*—nevertheless, the damages, as adjudged in this case, for the breach of the

covenant to lay out that fund in negroes for Hundley, do not appear to be greater than those which should be deemed to have resulted to him from that breach alone, and the judgment in this case will, of course, bar any action for the money deposited.

The judgment of the Circuit Court is, therefore, affirmed.

*Pirtle* for plaintiff; *Guthrie & Loughborough* for defendant.